# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RAKHMATULLA ASATOV,<br>Petitioner, | DOCKET NUMBER<br>CB-1205-15-0038-U-1 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT, | DATE: May 13, 2016 |
| and | |
| NATIONAL RAILROAD<br>PASSENGER CORPORATION,<br>Agencies. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Rakhmatulla Asatov, Plainville, Connecticut, pro se.

Julie Ferguson Queen, Washington, D.C., for the Office of Personnel Management.

Keren Rabin, Washington, D.C., for the National Railroad Passenger Corporation.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The petitioner asks the Board to review a regulation of the Office of Personnel Management (OPM), which he contends is invalid on its face.  *See Asatov v. Office of Personnel Management and National Railroad Passenger Corporation*, MSPB Docket No. CB-1205-15-0038-U-1, Regulation Review File (RRF), Tab 1 at 8.  For the reasons discussed below, we DENY the petitioner's request.  This is the final decision of the Merit Systems Protection Board in this proceeding.   Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

**BACKGROUND**

¶2    The petitioner requests the Board to review an OPM regulation in title 5, part 211.   The regulation, 5 C.F.R. § 211.101, provides, "[t]he purpose of this part is to define veterans' preference and the administration of preference in Federal employment."  The petitioner contends that the regulation is invalid on its face because it limits the application of veterans' preference to Federal employment, thereby impermissibly excluding other establishments created by Acts of Congress, such as the National Railroad Passenger Corporation (Amtrak). RRF, Tab 1 at 8.  As a result, per the petitioner, the regulation's limitation caused Amtrak to commit a practice prohibited by 5 U.S.C. § 2302(b)(11), which makes it a prohibited personnel practice to knowingly take, recommend or approve an action that would violate a veterans' preference requirement or to knowingly fail to do so if such failure would have that effect.  *Id*.

¶3    Amtrak interprets the petitioner's request as an attempt to relitigate his previous appeal before the Board, in which he alleged that Amtrak violated the Veterans Employment Opportunities Act of 1998 (VEOA) when it failed to select him for a position with its Office of Inspector General (OIG).  RRF, Tab 4; *see Asatov v. National Railroad Passenger Corporation*, MSPB Docket No. PH-3330-14-0819-I-1, Initial Decision (Nov. 14, 2014).  In that appeal, the administrative

judge dismissed the petitioner's appeal for lack of jurisdiction, holding that neither Amtrak nor the Amtrak OIG were Federal agencies within the meaning of VEOA.  *Id*. at 5‑11.

¶4  OPM raises multiple objections to the petitioner's request.  OPM argues that:  (1) the Board lacks jurisdiction to review the challenged regulation; (2) the petitioner's challenge fails to meet the Board's regulatory criteria for review; and (3) the petitioner's challenge fails to meet the Board's prudential criteria for review.  RRF, Tab 8 at 6‑9.

¶5  The petitioner's response does not meaningfully address the agencies' arguments.  *See* RRF, Tab 9.

## ANALYSIS

¶6  The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to commit a prohibited personnel practice as defined by 5 U.S.C. § 2302(b).  *See* 5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice.  5 U.S.C. § 1204(f)(2)(B).

¶7  The Board's regulations direct the individual requesting review to provide the following information:  a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take.  5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15*, *¶ 7 (2012); *DiJorio v. Office of Personnel*

*Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

¶8    The petitioner's description of the reasons why the regulation requires or has required a violation of section 2302(b)(11) is based on an incorrect interpretation of the plain language of the regulation. The regulation states that its purpose is to provide definitions for veterans' preference as it is used in Federal employment. *See* 5 C.F.R. § 211.101. There is no language stating that it is limiting the application of veterans' preference to Federal employment. *Id*.

¶9    More importantly, the petitioner's claim fails because he does not show how the challenged regulation requires an individual to commit a prohibited personnel practice. The prohibitions within 5 U.S.C. § 2302 are limited to employees of an "agency," which is defined in that section as an Executive agency and the Government Printing Office. 5 U.S.C. § 2302(a)(2)(C). As such, any individual not falling within one of those two categories, including all non-Federal employees, cannot commit a prohibited personnel practice as defined by section 2302. *Id*. Therefore, even if the petitioner's interpretation of the regulation was correct, the regulation's limitation would not require a non-Federal employee to commit a prohibited personnel practice as defined by section 2302, because a non-Federal employee cannot do so.

¶10    Thus, the petitioner has failed to show that the OPM regulation at 5 C.F.R. § 211.101 on its face requires commission of a prohibited personnel practice. Accordingly, the petitioner's request for regulation review is denied.

**NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____

William D. Spencer
Clerk of the Board

Washington, D.C.